UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BEST LABEL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CUSTOM LABEL & DECAL, LLC, et al.,<br><br>Defendants. | Case No. 19-cv-03051-LHK   (VKD)<br><br>**ORDER RE NOVEMBER 6, 2020 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 69 |

The parties ask the Court to resolve a discovery dispute concerning plaintiff The Best Label Company, LLC's ("BLC") non-party document subpoenas to 14 of defendants' customers. Dkt. No. 69. Specifically, defendants ask the Court to enter a protective order against BLC's discovery of otherwise responsive documents concerning defendants' business with these customers after October 9, 2019. *Id.* at 1. BLC opposes defendants' request.[1]  *Id.*  The Court held oral argument on the matter on November 17, 2020. Dkt. No. 74.

Having considered the parties' submission and oral argument, the Court denies defendants' request for a protective order.

**I.   BACKGROUND**

In this action, BLC claims that defendants misappropriated BLC's trade secrets, infringed BLC's trademarks, defamed and disparaged BLC to BLC's customers and others, and engaged in unfair competition, among other things. *See* Dkt. No. 1-1. In June 2020, BLC subpoenaed 14 of

---

[1] None of the non-party subpoena recipients participated in presentation of the dispute.  BLC advised the court that none of the non-parties has objected to the current versions of the subpoenas.

defendants' customers seeking documents relating to defendants' business with those customers. Dkt. No. 69 at 3. BLC does not state why it seeks this discovery, but the parties appear to agree that it relates to BLC's claim for damages resulting from business BLC alleges it lost as a result of defendants' conduct. *See, e.g.*, *id.* at 3–4.

Defendants argue that discovery of their business with the customers after October 9, 2019 is not relevant to any claim or defense in the action because BLC filed a certification of cancellation with the California Secretary of State on October 9, 2019, indicating BLC no longer had the right to conduct business in California and, consequently, could suffer no damages after that date. *Id.* at 2, 4. BLC argues that its interests were transferred to Resource Label Group ("RLG") pursuant to a merger agreement in which RLG is the surviving entity. *Id.* at 5. RLG is not a party to this action, although BLC has filed a motion to substitute RLG as plaintiff. *Id.* at 4. Defendants oppose the motion to substitute, which is set for hearing before the presiding judge on February 4, 2021. Dkt. Nos. 64, 67.

Defendants argue that the question of whether post-October 9, 2019 discovery of customers is relevant depends on how the presiding judge decides BLC's motion to substitute. Specifically, defendants concede that if the motion is granted, the discovery is relevant because RLG would then have a right to claim damages it suffered. Dkt. No. 69 at 4. BLC argues that it should be permitted to obtain post-October 9, 2019 discovery even if the presiding judge denies the motion, because Rule 25 of the Federal Rules of Civil Procedure permits a party to continue an action even after it has transferred its interest in the action. *Id.* at 5. During the hearing on this matter, the parties advised the Court that arrangements have been made for a third-party administrator to receive documents produced by the non-party customers and to provide those documents to BLC, pending resolution of this discovery dispute.

**II.     LEGAL STANDARD**

A party may obtain discovery of a non-party by serving a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. The scope of discovery permitted by subpoena under Rule 45 is the same as that permitted under Rule 26. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that

2

1  applicable to Rule 34 and the other discovery rules"). That is, a party may obtain discovery of any
2  matter that is relevant to a claim or defense and that is "proportional to the needs of case,
3  considering the importance of the issues at stake in the action, the amount in controversy, the
4  parties' relative access to relevant information, the parties' resources, the importance of the
5  discovery in resolving the issues, and whether the burden or expense of the proposed discovery
6  outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

7      A court may, for good cause, issue an order protecting a party from "annoyance,
8  embarrassment, oppression, or under burden or expense" by, among other things, forbidding the
9  discovery sought or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1)(A), (D). A party
10 may seek a protective order regarding a subpoena issued to a non-party if it believes its own
11 interests are jeopardized by the subpoena. *See Wells Fargo and Co. v. ABD Ins.*, No. C 12-03856
12 PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012); *see also* 9A Charles Alan
13 Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008 & Supp. Apr.
14 2020) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is
15 not a party to the action, unless the objecting party claims some personal right or privilege with
16 regard to the documents sought.").

17 **III.   DISCUSSION**

18     The parties agree that some discovery of the subpoenaed customers is relevant to BLC's
19 claims. Their sole dispute is whether discovery of responsive documents concerning the
20 customers' business with defendants after October 9, 2019 is relevant to any claim or defense.
21 The parties also agree that other objections defendants raised have been resolved. *See, e.g.*, Dkt.
22 No. 69 at 3 n.2. At present, BLC claims damages attributable to defendants' alleged misconduct
23 that continues past October 9, 2019. Defendants dispute BLC's damages claim, but that issue
24 remains unresolved.

25     In these circumstances, where the customers have raised no objection to the subpoenas, the
26 Court finds that defendants have not shown good cause for a protective order limiting BLC's
27 discovery. Defendants have articulated no right or interest personal to them that warrants
28 protection pursuant to Rule 26(c) but rely solely on their objection that the post-October 9, 2019

3

discovery is irrelevant. At the hearing, defendants attempted to argue that they seek a protective order to prevent BLC from disrupting their relationships with their customers and to protect their interests in confidentiality. However, defendants did not make these arguments in their discovery dispute submission, and such arguments are inconsistent with defendants' own representations that they had withdrawn all of their other objections apart from relevance. In any event, the Court doubts that permitting BLC to obtain discovery of responsive documents for business conducted both before and after October 9, 2019 is likely to be materially more disruptive of defendants' business relationships than discovery of responsive documents for business conducted solely before October 9, 2019, to which defendants do not object. Likewise, defendants' concerns regarding the confidentiality of responsive documents its customers produce may be adequately addressed by invoking the protections of the protective order already entered in this case. *See* Dkt. No. 55.

## IV.   CONCLUSION

For the reasons explained above, the Court denies defendants' request for a protective order. However, to permit defendants an opportunity to identify and designate responsive documents produced by their customers that defendants believe contain defendants' confidential information, the Court will require the parties to treat the customers' document production as "Highly Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of production. If defendants wish any such documents to be designated under the protective order, they must so advise BLC in writing no later than 14 days from the date of production. All such requests for designation must otherwise comply with the terms of the protective order (Dkt. No. 55).

**IT IS SO ORDERED.**

Dated: November 18, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge