1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12

THE BEST LABEL COMPANY, LLC,

13

Plaintiff,

14

v.

15

CUSTOM LABEL & DECAL, LLC, et al.,

16

Defendants.

17

Case No. 19-CV-03051-LHK

**ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

18      Before the Court is Plaintiff The Best Label Company, LLC's ("Plaintiff") motion to

19   substitute Resource Label Group, LLC ("RLG") as plaintiff and motion for leave to file a first

20   amended complaint.  ECF No. 64-1 ("Mot.").[1]  Having considered the parties' submissions, the

21   relevant law, and the record in this case, the Court DENIES Plaintiff's motion to substitute

22   plaintiff and for leave to file a first amended complaint.

23   **I.      BACKGROUND**

24

25

26

27

28

---

[1] Plaintiff's motion to substitute plaintiff and for leave to file a first amended complaint contains a notice of motion that is contained in a separate document from the points and authorities in support of the motion.  ECF No. 64, at 3.  Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

A. **Factual Background**

Plaintiff is a custom label maker.  ECF No. 1-1, at 3 ("Compl.").  In November of 2018, Plaintiff acquired Best Label Company, Inc. ("Best Label").  *Id.*  Defendant Daniel Crammer was employed at Best Label prior to the sale, and after the sale Crammer sought employment with Defendant Custom Label & Decal, LLC ("Custom Label").  Plaintiff alleges that before Crammer resigned from Plaintiff and joined Custom Label, Crammer engaged in a number of wrongful acts, including (1) soliciting Best Label employees to leave and join Custom Label; (2) taking confidential company information; and (3) taking a company laptop.  *Id.*

Plaintiff alleges that Defendant Scott McKean became an employee of Plaintiff after the acquisition of Best Label, but then left to join Custom Label.  *Id.* at 4  Plaintiff alleges that McKean engaged in a number of wrongful acts after leaving Plaintiff, including making false statements to Plaintiff's prospective and current customers and attempting to "pass off" Custom Label as Plaintiff.  *Id.*  Plaintiff alleges that Defendant Gareth Cole, another former employee of Plaintiff, engaged in similar unlawful acts after leaving employment at Plaintiff to work at Custom Label.  *Id.*  Plaintiff also alleges that Defendant Travis Gilkey, a former General Manager at Best Label, assisted Crammer, Cole, and McKean in their misconduct.  *Id.* at 5.

Finally, Plaintiff alleges that on September 30, 2019, after the commencement of the instant case, Plaintiff merged with RLG, a Delaware limited liability company.  Mot. at 2.

B. **Procedural Background**

Plaintiff filed a complaint in California Superior Court on May 3, 2019.  Compl. at 1. Plaintiff's complaint alleges claims for (1) misappropriation of trade secrets; (2) breach of the duty of loyalty; (3) defamation and disparagement; (4) common law unfair competition; (5) unlawful interference with prospective economic advantage; (6) statutory unfair competition; (7) claim and delivery; (8) conversion; (9) violation of California Penal Code Section 502; (10) trademark infringement under 15 U.S.C. § 1125(a); and (11) common law trademark infringement.  *Id.* at 17–26.  On June 3, 2019, Defendants removed the instant case to federal court.  *Id.*  On July 2, 2019, Defendants Cole, Custom Label, Gilkey, and McKean filed an answer.  ECF No. 15.  On

2

1    July 15, 2019, Defendant Crammer filed an answer.  ECF No. 20.

2          On September 15, 2020, Plaintiff filed the instant motion.  ECF No. 64.  In connection

3    with the instant motion, Plaintiff filed a request for judicial notice.  ECF No. 64-3.  On September

4    29, 2020, Defendants Cole, Custom Label, Gilkey, and McKean filed an opposition.  ECF No. 65.

5    In connection with their opposition, Defendants filed a request for judicial notice.  ECF No. 66.

6    On September 29, 2020, Defendant Crammer filed a joinder in Defendants' opposition.  ECF No.

7    67.  On November 5, 2020, Plaintiff filed a reply.  ECF No. 68.

8        **C. Requests for Judicial Notice**

9          In connection with Plaintiff's motion to substitute plaintiff and for leave to file a first

10   amended complaint, Plaintiff requests judicial notice of two documents: (1) "State of Delaware

11   Certificate of Merger of Domestic Limited Liability Companies"; and (2) "California Certificate

12   of Registration."  ECF No. 64-3, at 4–12 ("RJN").  Defendants do not oppose this request.

13         The Court may take judicial notice of matters that are either "generally known within the

14   trial court's territorial jurisdiction" or "can be accurately and readily determined from sources

15   whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, courts may

16   consider materials referenced in the complaint under the incorporation by reference doctrine, even

17   if plaintiff failed to attach those materials to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076

18   (9th Cir. 2005).  Public records, including judgments and other publicly filed documents, are

19   proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.

20   2007).  However, to the extent any facts in documents subject to judicial notice are subject to

21   reasonable dispute, the Court will not take judicial notice of those facts.  *See Lee v. City of Los*

22   *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of*

23   *Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

24         As matters of public record, the Court finds that Plaintiff's documents are the proper

25   subject of judicial notice.  The Court therefore GRANTS Plaintiff's request for judicial notice.

26         In connection with their opposition to Plaintiff's motion, Defendants request judicial notice

27

28   Case No. 19-CV-03051-LHK
     ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND FOR LEAVE TO FILE FIRST
     AMENDED COMPLAINT

United States District Court
Northern District of California

3

of two documents: "Application to Register a Foreign Limited Liability Company"; and "Certificate of Cancellation." ECF No. 66, at 3–7. Plaintiff does not oppose this request. As matters of public record, the Court finds that these documents are the proper subject of judicial notice. The Court therefore GRANTS Defendants' request for judicial notice.

## II.     LEGAL STANDARD

Under Rule 25(c), "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). The decision to allow substitution under Rule 25(c) rests within the discretion of the district court. *Id.*

As a general matter, Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). However, where a party moves to amend after the Court's deadline for filing motions or amending the pleadings, Federal Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's consent to modify the deadlines set by the Court. *See* Fed. R. Civ. P. 16(b)(4). "The 'good cause' standard primarily considers the diligence of the party seeking the amendment. Carelessness is not compatible with a finding of diligence and offers no reason to grant relief." *Hannon v. Chater*, 887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations and quotations omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)).

## III.    DISCUSSION

### A.  Plaintiff has not Established that RLG may be Substituted as Plaintiff

Plaintiff moves to substitute RLG as plaintiff under Federal Rule of Civil Procedure 25(c).

United States District Court
Northern District of California

1   Mot. at 3.  Plaintiff first argues that Plaintiff has merged into RLG and Plaintiff's interest in this

2   litigation has therefore been transferred to RLG.  Second, Plaintiff argues that substituting RLG

3   for Plaintiff would facilitate litigation because Defendants are attempting to block discovery by

4   arguing that Plaintiff is not entitled to conduct discovery past the date it merged into RLG.  Mot.

5   at 4.  Defendants argue that Plaintiff has produced insufficient evidence that a merger took place

6   between Plaintiff and RLG, and therefore the motion for substitution should be denied.  Opp. at

7   12.

8        Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or

9   against the original party unless the court, on motion, orders the transferee to be substituted in the

10   action or joined with the original party."  Fed. R. Civ. P. 25(c).  "Rule 25(c) is not designed to

11   create new relationships among parties to a suit but is designed to allow the action to continue

12   unabated when an interest in the lawsuit changes hands."  *In re Bernal*, 207 F.3d at 598.  Thus,

13   whether the Court should exercise its discretion and allow a substitution turns on whether the

14   substitution will facilitate the case.  *Id.*

15        Defendants argue that Plaintiff has presented insufficient evidence that there has been a

16   "transfer of interest" subject to Rule 25(c).  Under Rule 25(c), a "transfer of interest" "require[s]

17   that the assets as well as liabilities be transferred."  *Bullets2Bandages, LLC v. Caliber Corporation*,

18   2019 WL 5684400, at *3 (S.D. Cal. Nov. 1, 2019).  Defendants argue that Plaintiff has refused to

19   produce the "Merger Agreement" for the alleged merger between Plaintiff and RLG, and therefore

20   Plaintiff has failed to provide evidence establishing that a statutorily defined merger has occurred.

21   Moreover, Defendants argue that Plaintiff has provided insufficient evidence that Plaintiff

22   transferred its interest in this lawsuit to RLG.  In response, Plaintiff argues that it has provided (1)

23   a "Certificate of Merger" between the companies, filed in Delaware; (2) a "Fictitious Business

24   Name Records listing Best Label Company as a fictitious business name filed by RLG"; (3) a

25   "Certificate of Cancellation" for Plaintiff; and (4) the registration of RLG to do business in

26   California.  Reply at 5.  Plaintiff argues that these documents demonstrate that Plaintiff and RLG

27

28   Case No. 19-CV-03051-LHK
    ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND FOR LEAVE TO FILE FIRST
    AMENDED COMPLAINT

1    merged, and that under California and Delaware law Plaintiff's interest transferred automatically

2    to RLG.

3         However, Plaintiff has not produced a single case to support Plaintiff's contention that

4    these documents, absent an Asset Purchase Agreement or other source of information regarding

5    the terms of the merger, are sufficient to demonstrate that there was a "transfer of interest"

6    between Plaintiff and RLG pursuant to Rule 25(c).  The sole case that Plaintiff cites states that

7    "[c]ertified copies of the documents of merger and filing were introduced as an exhibit" in order to

8    demonstrate that a third-party "succeeded to all the rights, assets and liabilities" of the plaintiff.

9    *Feener Business Schools, Inc. v. Speedwriting Pub. Co.*, 249 F.2d 609, 611 (1st Cir. 1957).  In the

10   instant case, Plaintiff has not produced the "documents of merger."  Indeed, when other courts

11   have faced the same issue, they have examined the Asset Purchase Agreement or Merger

12   Agreement to determine whether there was a "transfer of interest."  *See Bullets2Bandages, LLC*,

13   2019 WL 5684400, at *3 (examining the Asset Purchase Agreement to determine whether a third-

14   party accepted Plaintiff's liabilities); *Munoz v. PHH Mortgage Corporation*, 2020 WL 1547441, at

15   *5–6 (E.D. Cal. Apr. 1, 2020) (examining a Merger Agreement to determine whether there was a

16   statutorily defined merger and interest was transferred).

17        Without an Asset Purchase Agreement or a single case to support the contention that a

18   "Certificate of Merger" is sufficient to demonstrate that a transfer of interest took place between

19   Plaintiff and RLG, Plaintiff has failed to establish that RLG may be substituted for Plaintiff under

20   Rule 25(c).  Accordingly, the Court denies Plaintiff's motion to substitute RLG as plaintiff in this

21   action.

22        **B.  Plaintiff Has Not Shown "Good Cause" to Modify the Court's Schedule**

23        Plaintiff also seeks leave to amend its complaint in order to add a claim for relief under the

24   Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA").  Mot. at 6.  Defendants oppose this

25   request on the grounds that it is (1) untimely; (2) Plaintiff has failed to show good cause; and (3) it

26   would prejudice Defendants.  Opp. at 11–12.

27

28

6

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

United States District Court
Northern District of California

1    Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its

2  pleading once as a matter of course, either twenty-one days after serving the pleading or within

3  twenty-one days after service of a responsive pleading or a motion under 12(b), (e), or (f),

4  whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may only amend its complaint

5  with the opposing party's permission or with leave from the court.  Fed. R. Civ. P. 15(a)(2).  Rule

6  15(a)(2) provides that leave to amend should be freely given "when justice so requires."  Fed. R.

7  Civ. P. 15(a)(2).  In general, the Court considers five factors in assessing a motion for leave to

8  amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

9  whether the [party] has previously amended the [pleading]."  *Johnson v. Buckley*, 356 F.3d 1067,

10  1077 (9th Cir. 2004).

11    However, where a party seeks leave to amend a pleading after the Court's deadline for

12  amending pleadings has passed, Rule 16 of the Federal Rules of Civil Procedure governs.  *See*

13  Fed. R. Civ. P. 16.  Under Rule 16, the party must show good cause and obtain the judge's consent

14  in order to modify the deadlines set by the Court.  Fed. R. Civ. P. 16(b)(4).  "The 'good cause'

15  standard primarily considers the diligence of the party seeking the amendment."  *Hannon*, 887 F.

16  Supp. at 1319 (internal citation and quotations omitted); *see also Green v. Bimbo Bakeries USA*,

17  2014 WL 12641598, at *2 (N.D. Cal. July 7, 2014) (same).  Moreover, "[c]arelessness is not

18  compatible with a finding of diligence and offers no reason to grant relief."  *Id.*

19    Here, the Court's deadline to amend pleadings or add parties was April 24, 2020.  ECF No.

20  45.  Plaintiff did not file the instant motion until October 15, 2020.  Mot. at 1.  Rule 16(b)(4)

21  therefore governs, and Plaintiff must show "good cause" for the requested amendment.  *Id.*

22    Plaintiff argues that leave to amend should be granted because (1) "two of [Plaintiff's]

23  counsel were on an extended leave of absence"; (2) "[Plaintiff] was focused on responding to

24  Defendants' discovery, scheduling and attending mediation, entering into a protective order, and

25  embattled in numerous discovery disputes"; and (3) Plaintiff "considered adding the DTSA claim

26  earlier, but did not want to burden the Court with its request."  Reply at 8.  These arguments only

27

28  Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

1   demonstrate that Plaintiff lacked diligence in seeking leave to amend the complaint and was

2   careless in not seeking an amendment earlier. *Hannon*, 887 F. Supp. at 1319 ("The 'good cause'

3   standard primarily considers the diligence of the party seeking the amendment.").  Moreover, the

4   Court notes that between the April 24, 2020 deadline to amend pleadings or add parties and the

5   date Plaintiff filed the instant motion, Plaintiff's counsel signed multiple filings in this case. *See,*

6   *e.g.*, ECF No. 56; ECF No. 59; ECF No. 61.  Plaintiff's argument that Plaintiff's counsel were on

7   leaves of absence therefore lacks merit.

8          Accordingly, Plaintiff's motion for leave to amend the complaint in order to add a claim

9   for relief under the DTSA is denied.

10  **IV.    CONCLUSION**

11         For the foregoing reasons, the Court DENIES Plaintiff's motion to substitute plaintiff and

12  for leave to file a first amended complaint.

13

14  **IT IS SO ORDERED.**

15

16  Dated: March 16, 2021

17                                                    *Lucy H. Koh*
                                                      _____
18                                                    LUCY H. KOH
                                                      United States District Judge

19

20

21

22

23

24

25

26

27

28

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PLAINTIFF AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

United States District Court
Northern District of California