UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE BEST LABEL COMPANY, LLC,

Plaintiff,

v.

CUSTOM LABEL & DECAL, LLC, et al.,

Defendants.

Case No. 19-CV-03051-LHK

**ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Re: Dkt. No. 110

Before the Court is Plaintiff The Best Label Company, LLC's motion to substitute Resource Label Group, LLC ("RLG") as plaintiff and motion for leave to file a first amended complaint. ECF No. 110 ("Mot."). Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion to substitute plaintiff and for leave to file a first amended complaint.

I.     **BACKGROUND**

   A.  **Factual Background**

   The Best Label Company, LLC is a custom label maker. ECF No. 1-1, at 3 ("Compl."). In November of 2018, The Best Label Company, LLC ("Plaintiff") acquired Best Label Company

Inc. and thus acquired all of Best Label Company Inc.'s intellectual property, confidential information, assignments, and contractual rights. *Id.* Hereafter, the Court refers to the acquired company, Best Label Company Inc., as "Best Label."

Defendant Daniel Crammer ("Crammer") was employed at Best Label prior to the sale of the company to Plaintiff. After the sale, Crammer sought employment with Defendant Custom Label & Decal, LLC ("Custom Label"). Plaintiff alleges that before Crammer resigned from Plaintiff and joined Custom Label, Crammer engaged in several wrongful acts, including (1) soliciting Best Label employees to leave and join Custom Label; (2) taking confidential company information; and (3) taking a company laptop. *Id.*

Plaintiff alleges that Defendant Scott McKean ("McKean") became an employee of Plaintiff after the acquisition of Best Label, but then left to join Custom Label. *Id.* at 4. Plaintiff alleges that McKean engaged in several wrongful acts after leaving Plaintiff, including making false statements to Plaintiff's prospective and current customers and attempting to "pass off" Custom Label as Plaintiff. *Id.* Plaintiff alleges that Defendant Gareth Cole ("Cole"), another former employee of Plaintiff, engaged in similar unlawful acts after leaving employment at Plaintiff to work at Custom Label. *Id.* Plaintiff also alleges that Defendant Travis Gilkey ("Gilkey"), a former General Manager at Best Label, assisted Crammer, Cole, and McKean in their misconduct. *Id.* at 5.

Finally, Plaintiff alleges that on September 30, 2019, after the commencement of the instant case, Plaintiff merged with RLG, a Delaware limited liability company. Mot. at 3.

**B. Procedural History**

Plaintiff filed a complaint in the California Superior Court on May 3, 2019. Compl. at 1. Plaintiff's complaint alleges claims for (1) misappropriation of trade secrets; (2) breach of the duty of loyalty; (3) defamation and disparagement; (4) common law unfair competition; (5) unlawful interference with prospective economic advantage; (6) statutory unfair competition; (7) claim and delivery; (8) conversion; (9) violation of California Penal Code Section 502; (10) trademark

2

United States District Court
Northern District of California

1   infringement under 15 U.S.C. § 1125(a); and (11) common law trademark infringement.  *Id.* at

2   17–26.  On June 3, 2019, Defendants removed the instant case to federal court.  *Id.*  On July 2,

3   2019, Defendants Cole, Custom Label, Gilkey, and McKean filed an answer.  ECF No. 15.  On

4   July 15, 2019, Defendant Crammer filed an answer.  ECF No. 20.

5   On October 15, 2020, Plaintiff filed the first motion to substitute and for leave to file a first

6   amended complaint.  ECF No. 64.  On October 29, 2020 Defendants filed their opposition.  ECF

7   No. 67.  Plaintiff filed its reply to the motion to substitute on November 5, 2020.  ECF No. 69.  On

8   March 16, 2021 the Court denied the motion.  ECF No. 102.

9   After the Court denied Plaintiff's motion to substitute RLG as Plaintiff, RLG filed its own

10  lawsuit on May 6, 2021 against the Defendants in this case as well as the three new defendants.

11  Case No. 21-cv-03392, ECF No. 3 (N.D. Cal. May 6, 2021).

12  On June 3, 2021, Plaintiff filed the instant motion.  ECF No. 110.  On July 1, 2021,

13  Defendants Cole, Custom Label, Gilkey, and McKean filed an opposition.  ECF No. 111.  On July

14  8, 2021, Plaintiff filed a reply.  ECF No. 116.

15  **II.     LEGAL STANDARD**

16  **A.  Federal Rules of Civil Procedure 15(a) and 16**

17  As a general matter, Federal Rule of Civil Procedure 15(a) provides that leave to amend

18  shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a).  The Court considers five

19  factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the

20  opposing party, futility of amendment, and whether the plaintiff has previously amended the

21  complaint."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).  However, where a party

22  moves to amend after the Court's deadline for filing motions or amending the pleadings, Federal

23  Rule of Civil Procedure 16 governs, and the party must show good cause and obtain the judge's

24  consent to modify the deadlines set by the Court.  *See* Fed. R. Civ. P. 16(b)(4).  "The 'good cause'

25  standard primarily considers the diligence of the party seeking the amendment.  Carelessness is

26  not compatible with a finding of diligence and offers no reason to grant relief."  *Hannon v. Chater*,

1   887 F. Supp. 1303, 1319 (N.D. Cal. 1995) (internal alterations and quotations omitted) (quoting

2   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)).

3          **B.  Federal Rule of Civil Procedure 17**

4          Federal Rule of Civil Procedure 17 requires that an action "be prosecuted in the name of

5   the real party in interest." Fed. R. Civ. P. 17(a)(1).  Where the action is originally brought by a

6   party other than the real party in interest, Rule 17 provides that a court "may not dismiss an action

7   for failure to prosecute in the name of the real party in interest until, after an objection, a

8   reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into

9   the action." Fed. R. Civ. P. 17(a)(3).  "The purpose of this portion of Rule 17(a) is to prevent

10  forfeiture of an action when determination of the right party to sue is difficult or when an

11  understandable mistake has been made." *U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F.2d

12  1070, 1074 (9th Cir. 1989).

13         **C.  Leave for Reconsideration**

14         Under Civil Local Rule 7-9, leave of the Court is required before a party may file a motion

15  for reconsideration of an interlocutory order. Local Rule 7-9(b) only allows for reconsideration if

16  the moving party can show:

17         (1) That at the time of the motion for leave, a material difference in fact or law exists from

18  that which was presented to the Court before entry of the interlocutory order for which

19  reconsideration is sought. The party also must show that in the exercise of reasonable diligence the

20  party applying for reconsideration did not know such fact or law at the time of the interlocutory

21  order; or

22         (2) The emergence of new material facts or a change of law occurring after the time of

23  such order; or

24         (3) A manifest failure by the Court to consider material facts or dispositive legal arguments

25  which were presented to the Court before such interlocutory order.

26         Civil L.R. 7-9(b).  Civil Local Rule 7-9(c) further requires that "[n]o motion for leave to

27

28  Case No. 19-CV-03051-LHK
    ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
    AMENDED COMPLAINT

4

United States District Court
Northern District of California

1    file a motion for reconsideration may repeat any oral or written argument made by the applying

2    party in support of or in opposition to the interlocutory order which the party now seeks to have

3    reconsidered." Civil L.R. 7-9(c). In general, motions for reconsideration should not be frequently

4    made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo,* 637 F.2d

5    1338, 1341 (9th Cir. 1981).

6            **D.  Interlocutory Appeal**

7            Lastly, a district court may, in its discretion, certify an interlocutory order in a civil action

8    for appellate review when the court is of "the opinion that such order involves a controlling

9    question of law as to which there is substantial ground for difference of opinion and that an

10   immediate appeal from the order may materially advance the ultimate termination of the

11   litigation." 28 U.S.C. § 1292(b). "[T]he legislative history of 1292(b) indicates that this section

12   was to be used only in exceptional situations in which allowing an interlocutory appeal would

13   avoid protracted and expensive litigation." *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th

14   Cir.1982). "Section 1292(b) is a departure from the normal rule that only final judgments are

15   appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.,* 283 F.3d

16   1064, 1068 n.6 (9th Cir.2002).

17   **III.    DISCUSSION**

18           The Best Label Company, LLC ("Plaintiff") again moves to substitute Resources Label

19   Group, LLC ("RLG") for Plaintiff as the real party in interest. Plaintiff previously moved under

20   Federal Rule of Civil Procedure 25 to substitute RLG for Plaintiff ("Rule 25 Motion") on October

21   15, 2020, which was over one year after Plaintiff merged with RLG in September 2019, and about

22   six months after the April 24, 2020 deadline to amend the pleadings or add new parties. The

23   Court denied Plaintiff's Rule 25 Motion in its March 16, 2021 Order because Plaintiff

24   inadequately showed that a transfer of interest occurred between Plaintiff and RLG, as required

25   under Rule 25.

26           Plaintiff now tries again to substitute RLG for Plaintiff four different ways. Plaintiff

27

28   Case No. 19-CV-03051-LHK
     ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
     AMENDED COMPLAINT

moves to substitute RLG as Plaintiff under Federal Rules 15(a) and 16, or Rule 17.  Plaintiff also seeks reconsideration of the Court's March 16, 2021 Order denying Plaintiff's Rule 25 Motion, or certification of the March 16, 2021 Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Lastly, Plaintiff also moves for leave to amend the complaint under Federal Rules of Civil Procedure Rules 15(a) and 16 to add three new defendants.

The Court analyzes these issues in the following order: (1) whether Plaintiff can substitute RLG as Plaintiff and add three new defendants under Rules 15 and 16; (2) whether Plaintiff can substitute RLG as Plaintiff under Rule 17; (3) whether the Court should reconsider Plaintiff's Rule 25 Motion; (4) whether the Court should certify the March 16, 2021 Order for an interlocutory appeal; and (5) whether Plaintiff can add three new defendants under Rules 15(a) and 16.

**A.  Plaintiff Fails to Show "Good Cause" to Modify the Court's Schedule.**

The Court begins with Plaintiff's arguments that it is entitled to substitute RLG as Plaintiff and to add three new defendants under Federal Rules of Civil Procedure 15 and 16.  Mot. at 7-10, 14-16.  Defendants oppose on the grounds that: (1) Plaintiff's requests are untimely; (2) Plaintiff has failed to show good cause; and (3) Plaintiff's request would prejudice Defendants.  Opp'n at 10-14.

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course, either twenty-one days after serving the pleading or within twenty-one days after service of a responsive pleading or a motion under 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may only amend its complaint with the opposing party's permission or with the court's leave.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In general, the Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the [party] has previously amended the [pleading]."  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

However, where a party seeks leave to amend a pleading after the Court's deadline for

amending pleadings has passed, Rule 16 of the Federal Rules of Civil Procedure governs.  *See* Fed. R. Civ. P. 16.  Under Rule 16, the party must show good cause and obtain the judge's consent in order to modify the deadlines set by the Court.  Fed. R. Civ. P. 16(b)(4).  "The 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Hannon*, 887 F. Supp. at 1319 (internal citation and quotations omitted); *see also Green v. Bimbo Bakeries USA*, 2014 WL 12641598, at *2 (N.D. Cal. July 7, 2014) (same).  Moreover, "[c]arelessness is not compatible with a finding of diligence and offers no reason to grant relief."  *Id.*

Here, the Court's deadline to amend pleadings or add parties was April 24, 2020.  ECF No. 45.  Plaintiff filed its Rule 25 Motion on October 15, 2020, about six months after the deadline to amend pleadings or add parties.  Plaintiff did not seek to add new defendants in that motion. Plaintiff filed the instant motion on June 17, 2021, about 14 months after the deadline.  Mot. at 1. Rule 16(b)(4) therefore governs, and Plaintiff concedes it must show "good cause" for the requested amendments.  *Id.*

The Court first considers where Plaintiff has shown "good cause" to substitute RLG as Plaintiff and then whether Plaintiff has shown "good cause" to add three new defendants.

### 1. Plaintiff fails to show "good cause" to substitute in RLG.

Plaintiff argues that leave to amend should be granted because "Plaintiff did not delay in seeking to substitute RLG."  Plaintiff argues there was no delay because "Plaintiff's counsel first learned of the merger at the end of July 2020" and "not long after Plaintiff's counsel learned of the merger" Plaintiff filed its Rule 25 Motion on October 15, 2020. Mot at 8.  Plaintiff also argues that "good cause" exists because "RLG has now filed its own separate Complaint which concerns the same facts and circumstances."  Mot. at 9.  Defendants contend that "Plaintiff is altering the standard" because the proper focus is when Plaintiff and not Plaintiff's counsel knew or should have known about the merger.  Opp'n at 11.  Plaintiff merged with RLG on September 30, 2019. Mot. at 3.  Defendants argue that Plaintiff knew of the merger "in September 2019, at least seven months prior to" to the Court's April 24, 2020 deadline to amend the pleadings.  Whether you

1    evaluate Plaintiff or Plaintiff's counsel, both were not diligent.  The Court briefly summarizes the

2    case timeline and Plaintiff's belated actions to substitute RLG as Plaintiff before turning to the

3    legal arguments.

4            On August 30, 2019, the Court proposed a case schedule with an April 24, 2020 deadline

5    to amend the pleadings or add parties.  ECF No. 44.  The Court gave the parties until September 3,

6    2019 to file any objections to the proposed case schedule.  *Id.*  Neither party objected.  In January

7    2020, over three months after the September 2019 merger, the parties stipulated to continue the

8    case management conference, but did not seek any other modifications to the case schedule.  ECF

9    Nos. 47.  The Court granted the parties' request to continue the case management conference.

10   ECF No. 48.

11           On April 8, 2020, over six months after the September 2019 merger, the parties sought

12   modifications to the case schedule, but did not seek to change the deadline to amend the pleadings

13   or add parties.  ECF No. 51.  The Court granted the parties' request, modified some of the parties'

14   proposed dates and gave the parties 24 hours to file any objections to the new deadlines.  ECF No.

15   52.  Neither party objected.  The April 24, 2020 deadline to amend the pleadings or add parties

16   then expired.

17           On August 12, 2020, nearly one year after the merger, and almost four months after the

18   April 24, 2020 amendment deadline, the parties filed a joint case management statement and

19   informed the Court of Plaintiff's merger with RLG.  ECF No. 59.  Plaintiff still did not ask the

20   Court to modify the case schedule to amend the pleadings.  Based on the parties' requests to

21   extend future deadlines for discovery and dispositive motions, and to extend the pre-trial

22   conference and trial dates, the Court proposed a new case schedule, retaining the existing April 24,

23   2020 amendment deadline, and again gave the parties 24 hours to file any objections.  Plaintiff

24   only objected to the proposed trial date because of a conflict.  ECF No. 61.  Plaintiff did *not* seek

25   to modify the schedule to amend the complaint to substitute RLG as Plaintiff.  The Court issued

26   the new case schedule on August 14, 2020.  Although the deadline to amend the pleadings had

27

28   Case No. 19-CV-03051-LHK
     ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
     AMENDED COMPLAINT

United States District Court
Northern District of California

8

already passed on April 24, 2020, Plaintiff waited *two more months* to file its Rule 25 Motion on October 15, 2020. ECF No. 64.

On March 16, 2021, the Court denied Plaintiff's Rule 25 Motion. ECF No. 102. At that time, fact discovery was scheduled to close on July 30, 2021, the deadline to file dispositive motions was October 7, 2021 and the pretrial conference and trial were scheduled for January 13, 2022 and January 31, 2022, respectively. ECF No. 99. With these deadlines rapidly approaching, Plaintiff waited until June 15, 2021 (three months) to file the instant motion. ECF No. 110. In contrast, RLG, represented by the same counsel, filed its own lawsuit, which included the three new proposed defendants on May 6, 2021—one month *earlier* than Plaintiff's instant motion to substitute RLG as Plaintiff. *See Resources Label Group v. Custom Label & Decal, LLC*, No. 21-cv-03392-LHK, ECF No. 3 (N.D. Cal. May 6, 2021). Plaintiff provides no compelling justification for its delay in filing the instant motion.

Under Rule 16(b), the Court "primarily considers the diligence of *the party* seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added). Plaintiff cites no case law excusing either its own, or its counsel's, failure to inquire or inform each other that Plaintiff allegedly "ceased to exist" after the merger, Mot. at 6. *Cf. Basic Inc. v. Levinson*, 485 U.S. 224, 239 (agreeing that "the most important event that can occur in a small corporation's life" is a merger, "to wit, its death"). As explained above, Plaintiff and its counsel had at least from September 30, 2019 to April 24, 2020 (nearly *seven* months) to discuss the September 30, 2019 merger to prior to the amendment deadline. Plaintiff and its counsel presumably could have discussed the merger while the merger was negotiated and finalized, prior to the merger's September 30, 2019 effective date. Yet Plaintiff's counsel only learned of this merger because *Defendants*, not Plaintiff, informed Plaintiff's counsel in July 2020 (nearly *ten* months after the merger) based on Defendants' review of Plaintiff's publicly available documents. Opp'n at 8. Plaintiff inexplicably then waited *another* three months to file its Rule 25 Motion on October 15, 2020. Mot. at 8. Plaintiff and its counsel were simply not diligent.

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

United States District Court
Northern District of California

1    Plaintiff's unsupported argument that "good cause" exists because RLG has now filed its

2    own lawsuit is also unpersuasive because "the standard primarily considers the diligence of the

3    party seeking the amendment." *Hannon*, 887 F. Supp. at 1319. Moreover, RLG's lawsuit does

4    not establish good cause for Plaintiff and Plaintiff's counsel who have not been diligent. RLG's

5    filing of its own lawsuit is an effective acknowledgement that Plaintiff's instant motion to

6    substitute in RLG in the instance case lacks merit.

7              **2.   Plaintiff fails to show "good cause" to add three new defendants.**

8    Plaintiff argues that "good cause" exists and leave to amend to add three new defendants

9    should be granted "because Plaintiff did not discover the new defendants' involvement until *after*

10   the deadline to amend pleadings had passed, *after* Plaintiff had already filed its previous motion to

11   amend (ECF No. 64), and *after* it had obtained and reviewed Defendants' document production.

12   Plaintiff discovered the involvement of the new defendants while reviewing Defendants' 12,000-

13   page document production in early 2021." Mot. at 14-15. However, the Court finds that good

14   cause does not exist.

15   Plaintiff obtained discovery from Defendants in November 2020 and then waited seven

16   months until June 2021, one month before fact discovery was set to close, to inform the Court in a

17   Joint Case Management Statement that Plaintiff would seek leave to amend to include three new

18   defendants and to file the instant motion. ECF No. 108; Opp'n at 13-14. Notably, RLG's

19   complaint, filed a month earlier in May 2021, already named these three new defendants. *See*

20   *Resources Label Group v. Custom Label & Decal, LLC*, No. 21-cv-03392-LHK, ECF No. 3 (N.D.

21   Cal. May 6, 2021). Presently, after case schedule extensions at the parties' request, fact discovery

22   is set to close on November 22, 2021, and the parties have until January 7, 2022 to file a motion

23   for summary judgment. Plaintiff suggests that adding three new defendants to the lawsuit "will do

24   nothing other than formalize their responsibility for the wrongs alleged in the Complaint" because

25   "[a]ll three defendants have been involved in the litigation since the inception of this case, even

26   though they have not been formally named as defendants." *Id.* This unsupported argument strains

27

28   Case No. 19-CV-03051-LHK
     ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
     AMENDED COMPLAINT

1    credulity.  Both the current and new defendants will need to conduct additional discovery,

2    reformulate their case strategy, and determine whether to engage separate representation.  The

3    three new defendants will also require additional time to respond to the operative complaint, and

4    have less than two months to file a motion for summary judgment, and less than four months to

5    prepare their defenses for the March 28, 2021 trial.  Requiring them to do so under the current case

6    schedule will cause extreme prejudice.  Rewarding Plaintiff's untimely actions will cause undue

7    delay.  Ultimately, Plaintiff's arguments only demonstrate that Plaintiff lacked diligence.  *Hannon*,

8    887 F. Supp. at 1319 ("The 'good cause' standard primarily considers the diligence of the party

9    seeking the amendment.").

10        Plaintiff appears to suggest it held off apprising the Court of Plaintiff's intent to add the

11   three new defendants because by the time Plaintiff discovered this alleged involvement by the

12   proposed defendants, "Plaintiff already had a motion to file a First Amended Complaint pending

13   before this Court in which it sought to add a claim for relief under the Defend Trade Secrets Act."

14   Mot. at 14.  However, even if the Court granted that motion, Plaintiff would still have been

15   required to file a subsequent motion seeking leave to amend to include the three new defendants.

16   Plaintiff argued in that motion that "[t]he [Defend Trade Secrets Act] claims are premised on the

17   same facts that support" the pled state law claim.  ECF No. 64-1 at 8.  Here it argues that inclusion

18   of the proposed defendants is based on newly discovered facts after the first motion to substitute

19   was pending.  Mot. at 14.  Plaintiff thus could not have included the proposed defendants without

20   further leave of the Court.  Moreover, Plaintiff could have, but did not, inform the Court in the

21   March 2021 Joint Case Management Statement that there were potentially three new defendants.

22   Plaintiff does not provide the exact date it discovered the three new defendants.  Plaintiff only

23   vaguely states in the instant motion that Plaintiff learned of the three new defendants in "early

24   2021," Mot. at 14, and vaguely states in its declaration that Plaintiff learned of the three new

25   defendants between December 2020 and April 2021, ECF No. 110-2 ¶ 7.  However, Defendants

26   produced the documents in November 2020, so Plaintiff's failure to inform the Court and file the

27

28   Case No. 19-CV-03051-LHK
     ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
     AMENDED COMPLAINT

United States District Court
Northern District of California

11

1    instant motion until June 2021 demonstrates a lack of diligence.

2         For all the reasons discussed above, Plaintiff has failed to establish "good cause" under

3    Rule 16 to substitute RLG as Plaintiff or add the three new defendants.  The Court's conclusion is

4    further confirmed by the fact that on May 6, 2021, *over one month* before Plaintiff filed the instant

5    motion, RLG filed its own lawsuit and sued the three new defendants.  *See Resources Label*

6    *Group v. Custom Label & Decal, LLC*, No. 21-cv-03392-LHK, ECF No. 1 (N.D. Cal. May 6,

7    2021).  The Court next considers Plaintiff's request to substitute RLG as Plaintiff under Rule 17.

8         **B.  Plaintiff Cannot Substitute RLG under Rule 17**

9         Federal Rule of Civil Procedure 17(a)(1) requires that an action "be prosecuted in the name

10   of the real party in interest."  Plaintiff argues that because "RLG is the real party in interest," the

11   Court should substitute RLG as Plaintiff under Rule 17 to allow RLG "to prosecute this case

12   instead of" Plaintiff.  Mot. at 6.  Defendants contend that Rule 17 is not an available remedy and

13   that Plaintiff's motion is untimely and prejudicial.  Opp'n at 7-9.  Because the Court concludes

14   that Rule 17 is not an available remedy, the Court need not reach Defendants' arguments that

15   Plaintiff's Rule 17 motion is untimely and prejudicial.

16        Rule 17 is inapplicable here because RLG did not become the real party in interest prior to

17   the lawsuit.  "Rule 17(a) would control if an interest was transferred prior to the commencement

18   of the suit."  *Hilbrands v. Far East Trading Co., Inc.*, 509 F.2d 1321, 1323 (9th Cir. 1975).  Even

19   if Plaintiff is correct that RLG is presently the real party in interest, Rule 17 does not control

20   because RLG had no interest in the lawsuit prior to May 3, 2019, when Plaintiff filed the

21   complaint.  As Plaintiff notes, the merger occurred on September 30, 2019—approximately five

22   months after the lawsuit was filed on May 3, 2019.[1]  Mot. at 3.

23

24   _____

25   [1] It is also unclear whether a plaintiff may seek substitution under Rule 17(a) when a defendant
     does not contest plaintiff's status as the real party in interest.  *See Lindsey v. Starwood Hotels &*
     *Resorts Worldwide Inc.*, 409 F. App'x 77, 79 (9th Cir. 2010) ("Rule 17 is a proper procedural

26   device to cure the failure to state a claim."); *cf. RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010)
     (explaining that the purpose of Rule 17 "is to protect *the defendant* against a subsequent action by

27   the party actually entitled to recover." (emphasis added)).

12

28

1    Instead, Rule 25 controls the outcome here. "Rule 25(c) applies if the transfer occurs

2    during the pendency of the action." *Hilbrands*, 509 F.2d at 1323. Plaintiff concedes the relevant

3    merger purportedly transferring the interest from Plaintiff to RLG occurred while the lawsuit was

4    pending. Mot. at 3. Accordingly, Rule 25 controls. *Id.*; *see also Mitnick v. davisREED Const.,*

5    *Inc.*, No. 3:17-cv-00747-H-WVG, 2019 WL 1572988, at *2 (S.D. Cal. Apr. 11, 2019) (concluding

6    Rule 17 was not applicable because the relevant party "was the proper real party in interest when

7    the case began" and thus "Rule 25(c) controls.")

8    Plaintiff and RLG's actions further confirm that Rule 25 controls. Plaintiff first sought to

9    substitute in RLG as the real party in interest and for leave to amend the complaint under Rule 25.

10   ECF No. 64. The Court denied that motion on March 16, 2021 ("March 16, 2021 Order") because

11   Plaintiff did not produce sufficient documentation of the terms of the merger to establish that RLG

12   was the real party in interest. ECF No. 102 at 3-5. Furthermore, after the March 16, 2021 Order

13   and before Plaintiff filed the instant motion on June 17, 2021, RLG *filed its own lawsuit* on "the

14   same facts and circumstances" on May 6, 2021. Mot. at 9; *see Resources Label Group v. Custom*

15   *Label & Decal, LLC*, No. 21-cv-03392-LHK, ECF No. 3 (N.D. Cal. May 6, 2021). By seeking

16   leave to file a motion for reconsideration, or leave to file an interlocutory appeal, of the Court's

17   March 16, 2021 Order, Plaintiff's motion effectively concedes that Rule 25 is the proper vehicle to

18   substitute in RLG, not Rule 17. Mot. at 10-14. The Court next considers Plaintiff's

19   reconsideration and interlocutory appeal arguments.

20   **C. Reconsideration of the March 16, 2021 Order is Unwarranted**

21   On March 16, 2021, the Court denied Plaintiff's Rule 25 Motion because Plaintiff did not

22   produce sufficient evidence "that a transfer of interest took place between Plaintiff and RLG."

23   ECF No. 102 at 6. Plaintiff now moves for reconsideration under Civil Local Rule 7-9, which

24   governs when a court can grant leave to file a motion for reconsideration. The Court concludes

25   that Plaintiff has not met the standard under Civil Local Rule 7-9 to warrant reconsideration.

26   Furthermore, even if the Court were to reconsider the motion, Plaintiff has not shown substitution

27

28   Case No. 19-CV-03051-LHK
     ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
     AMENDED COMPLAINT

United States District Court
Northern District of California

13

1 of RLG as Plaintiff would facilitate the conduct of the litigation.

2        **1.   Plaintiff does not meet the requirements of Civil Local Rule 7-9.**

3       Plaintiff seeks leave to file a motion for reconsideration only under Civil Local Rule 7-

4 9(b)(1), (b)(3), and not (b)(2).  Mot. at 10.  Plaintiff argues it meets the requirements for

5 reconsideration because "a material difference in fact or law exists from that which was presented

6 to the Court before entry of the interlocutory order" and that there was "[a] manifest failure by the

7 Court to consider material facts or dispositive legal arguments which were presented to the Court

8 before such interlocutory order."  Mot. at 10 (quoting Civil L.R. 7-9(b)(1) and (b)(3)).  The Court

9 disagrees.

10       Plaintiff's argument under Civil Local Rule 7-9(b)(1) fails because Plaintiff concedes that

11 it knew of the merger agreement at the time it filed the Rule 25 Motion.  Civil Local Rule 7-

12 9(b)(1) contains two requirements: (1) that there is a new material fact; *and* (2) that the moving

13 party did not know of this fact when it filed the first motion.  *See* Civil Local Rule 7-9(b)(1)

14 (Plaintiff must show "[t]hat at the time of the motion for leave, a material difference in fact or law

15 exists from that which was presented to the Court before entry of the interlocutory order for which

16 reconsideration is sought" *and* "that in the exercise of reasonable diligence the party applying for

17 reconsideration *did not know* such fact or law at the time of the interlocutory order." (emphasis

18 added)).

19       Plaintiff's arguments only focus on the first requirement—contending the merger

20 agreement is a new material fact.  *See* Mot. at 10.  However, Plaintiff concedes it cannot meet the

21 second requirement because "the merger agreement is not newly discovered evidence."  Reply at

22 7; *see also School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) ("The

23 overwhelming weight of authority is that the failure to file documents in an original motion or

24 opposition does not turn the late filed documents into 'newly discovered evidence.'")  Plaintiff's

25 concession thus precludes Plaintiff from satisfying one of the two necessary requirements of Civil

26 Local Rule 7-9(b)(1).  As such, Plaintiff is not entitled to reconsideration under Civil Local Rule

27

28

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

United States District Court
Northern District of California

7-9(b)(1), and the Court need not determine whether Plaintiff has shown that the merger agreement is a new material fact.

Plaintiff also fails to identify any material facts or dispositive legal arguments that the Court did not consider, as required by Civil Local Rule 7-9(b)(3).  *See* Civil L.R. 7-9(b)(3) (Plaintiff must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.").  Plaintiff argues that "the Court failed to fully consider and weigh the significance of the material facts—the Certificate of Merger—that *were* presented to establish that a merger had taken place. The Delaware Certificate of Merger was and is dispositive of the issue regarding whether BLC LLC's assets and liabilities transferred to RLG."  Mot. at 11-12.

Not so.  In denying Plaintiff's Rule 25 Motion, the Court fully considered the Certificate of Merger, all other documents Plaintiff attached to its Rule 25 Motion that were subject to judicial notice, and the relevant case law cited by both parties.  *See generally* ECF No. 102.  However, a Certificate of Merger is decidedly not an asset merger agreement, and Plaintiff failed to include such agreement with its Rule 25 Motion.  Plaintiff also produced *no* case law then (or even now) that a Certificate of Merger in conjunction with Delaware statutes are "dispositive of the issue" that a Rule 25 transfer of interest occurred.  The Court explained: "Plaintiff has not produced a single case to support Plaintiff's contention that these documents, absent an Asset Purchase Agreement or other source of information regarding the terms of the merger, are sufficient to demonstrate that there was a 'transfer of interest' between Plaintiff and RLG pursuant to Rule 25(c)."  *Id.* at 6.  Accordingly, the Court concluded that "[w]ithout an Asset Purchase Agreement *or a single case to support the contention that a 'Certificate of Merger' is sufficient to demonstrate that a transfer of interest took place between Plaintiff and RLG*, Plaintiff has failed to establish that RLG may be substituted for Plaintiff under Rule 25(c)."  *Id.* (emphasis added).

Plaintiff has failed to show it is entitled to reconsideration under Civil Local Rule 7-9(b)(1) or (b)(3).  Plaintiff therefore fails to meet standard for reconsideration.

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

1

      **2.  Plaintiff fails to show substitution of RLG would facilitate the conduct of the litigation.**

2

      Even if the Court were to reconsider Plaintiff's Rule 25 Motion, Plaintiff's arguments

3

fundamentally misapprehend the discretionary nature of Federal Rule of Civil Procedure 25.  Rule

4

25 "leaves the substitution decision to [the trial] court's sound discretion."  *In re Bernal*, 207 F.3d

5

595, 598 (9th Cir. 2000); *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, No. CIVS022669 FCD

6

KJM, 2006 WL 658100, at *2 (E.D. Cal. Mar. 13, 2006) (emphasizing that such a decision "is

7

merely a discretionary determination by the trial court that the transferee's presence would

8

facilitate the conduct of the litigation." (quotation marks omitted).  Under this discretionary

9

standard, courts deny belated substitution attempts under Rule 25.  *Id.* at *3 ("Courts have not

10

condoned such belated attempts . . . under Rule 25(c), even if an additional lawsuit becomes

11

necessary." (collecting cases)).

12

      Even assuming that RLG is the real party in interest, Plaintiff must still convince the Court

13

that its October 15, 2020 Rule 25 Motion, which sought substitution of RLG over *one year* after

14

Plaintiff's September 30, 2019 merger, and three months after Plaintiff's counsel learned of the

15

merger in July 2020, would help rather than delay, the case.[2]  Because Plaintiff failed to attach the

16

necessary documents to determine whether a transfer took place to meet the threshold

17

requirements of Rule 25 in Plaintiff's Rule 25 Motion, the Court had no occasion to find whether

18

RLG's "presence would facilitate the conduct of the litigation."  *Id.* at *2.  The Court does so now.

19

      Substitution of RLG would not facilitate the conduct of the litigation because (1) Plaintiff

20

presents no compelling reason why substitution would aid the litigation; and (2) Plaintiff's Rule

21

25 Motion is belated, entirely due to its own actions.

22

      Plaintiff's only argument for why RLG's substitution would facilitate the conduct of the

23

litigation is to resolve a discovery dispute.  *See* ECF No. 64-1 at 3-5; ECF No. 68 at 6

24

("Substituting RLG as the plaintiff in this matter allows BLC LLC/RLG to move forward with its

25

case and shut down Defendants' argument that BLC LLC/RLG cannot conduct discovery of facts

26

 

27

_____

[2] The Court re-analyses the Rule 25 Motion based on the timeline at the time of that motion.

16

28

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

past October 9, 2019, the date BLC LLC ceased to exist, facilitating litigation, and warranting substitution."). However, this discovery dispute was already resolved before the Court even issued its March 16, 2021 Order denying Plaintiff's Rule 25 Motion. On November 18, 2020, United States Magistrate Judge Virginia DeMarchi allowed Plaintiff to seek discovery past October 9, 2019. *See* ECF No. 81. Specifically, Defendants sought a protective order preventing Plaintiff from seeking discovery of its business relationship with certain customers past October 9, 2019 because Plaintiff merged with RLG. *Id.* at 1. Judge DeMarchi denied the motion and held that Plaintiff could obtain discovery for responsive documents after October 9, 2019. *Id.* Plaintiff has not alleged any other discovery disputes arising from the merger. As such, Plaintiff's argument lacks merit and substitution of RLG for Plaintiff would not aid the conduct of the litigation.

Moreover, on these facts Plaintiff's Rule 25 Motion is untimely and is entirely of Plaintiff's own making.[3] "Courts have not condoned such belated attempts . . . under Rule 25(c), even if an additional lawsuit becomes necessary." *McKesson Info. Sols. Inc.*, 2006 WL 658100, at *3 (collecting cases). Plaintiff merged with RLG on September 30, 2019, almost seven months before the April 24, 2020 deadline to amend the pleadings. Inexplicably, Plaintiff waited to file its Rule 25 Motion to substitute in RLG until October 15, 2020, or almost *13 months* after merging with RLG, and nearly six months after the deadline to amend the pleadings. Whether this was a tactical decision, or a merely a lack of diligence, Plaintiff had multiple opportunities to inform the Court of the merger in Plaintiff's court filings, but did not do so, until an August 2020 Joint Case Management Statement, which is 11 months after the merger. ECF No. 59 at 3. Moreover, Plaintiff's counsel appears to have only done so because counsel learned of the merger from the *Defendants*, not Plaintiff, in July 2020. Mot. at 3. At the time Plaintiff filed its Rule 25 Motion, fact discovery was scheduled to close on April 1, 2021, or less than two months after the Court

---

[3] Recognizing this, RLG filed a separate lawsuit against Defendants before Plaintiff even filed the instant motion. *See Resources Label Group v. Custom Label & Decal, LLC*, No. 21-cv-03392-LHK, ECF No. 1 (N.D. Cal. May 6, 2021).

17

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

was scheduled to hear arguments on Plaintiff's Rule 25 Motion on February 4, 2021.  *See* ECF

Nos. 62, 64.  Allowing Plaintiff to substitute RLG would have required delaying the fact discovery

cutoff.  *See* ECF No. 65 at 12-13 (Defendants seeking several months to conduct discovery into

new Plaintiff if the Court allowed substitution).  Presently, after case schedule extensions at the

parties' request, fact discovery is scheduled to close in less than a week on November 22, 2021,

dispositive motions must be filed by January 7, 2022 and the final pretrial conference and trial are

scheduled for March 17 and 28, respectively.  ECF No. 135.

Allowing Plaintiff to substitute RLG as Plaintiff in the instant case would further delay fact

and expert discovery, summary judgment motions and trial, and ultimately impact the Court's

ability to meet the statutory requirements of the Civil Justice Reform Act.  *See* ECF No. 132

(discussing case deadlines).  As such, the Court exercises its discretion to deny Plaintiff's Rule 25

Motion because substituting RLG for Plaintiff would not facilitate the conduct of the litigation.

*McKesson Info. Sols. Inc.*, 2006 WL 658100, at *3 (denying a Rule 25 motion due to Plaintiff's

delay and increased judicial time and resources).

Plaintiff's motion for reconsideration is thus unwarranted.

**D.  Interlocutory Appeal of the March 16, 2021 Order is Unwarranted.**

Plaintiff also seeks an interlocutory appeal of the Court's March 16, 2021 Order denying

Plaintiff's Rule 25 Motion, ECF No. 102.  Mot. at 12-14.  The Court may certify an interlocutory

appeal *only* if it finds that an order "involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Plaintiff

argues an interlocutory appeal is warranted because the parties dispute what type of evidence is

"required to establish a transfer of interest" under Rule 25 and thus there is a substantial ground

for a difference of opinion.  Mot. at 13.  Plaintiff also notes that "it is aware of no case that states

that a merger agreement or asset purchase agreement is *required* to establish a transfer of

interests."  *Id.*

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

United States District Court
Northern District of California

Plaintiff's arguments miss the mark because "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* The proper focus of the inquiry is thus on decisions by *courts*, and not the losing party's disagreement with a court ruling. *See id.* at 634 ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" (cleaned up)). Otherwise, this factor would be readily met every time a party disputes a court ruling. Furthermore, Plaintiff's lack of knowledge about cases that agree with the Court's conclusion is irrelevant. Even if Plaintiff's implicit framing that this is a case of first impression is accurate (it is not), "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634. Rather, two salient factors control. First, Plaintiff has "not provided a single case that conflicts with the [Court's] construction or application of" Rule 25. *Id.* at 633. Second, the Court has an obligation to narrowly construe § 1292(b), *Price Stern Sloan, Inc.,* 283 F.3d at 1068 n.6 ("Section 1292(b) . . . must be construed narrowly."). As such, Plaintiff has failed to show there is a substantial ground for difference of opinion.

Because the Court finds that there is no substantial ground for difference of opinion, the Court need not address the remaining requirements for certification for interlocutory appeal because such an appeal requires that all these requirements are met. *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.")

For these reasons, the Court DENIES Plaintiff's request to certify the Court's March 16, 2021 Order denying Plaintiff's Rule 25 Motion, ECF No. 102.

## IV.   CONCLUSION

For the foregoing reasons Plaintiff's motion to substitute and for leave to file a first

19

Case No. 19-CV-03051-LHK
ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY AND FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT

amended complaint is DENIED.

**IT IS SO ORDERED.**

Dated: November 19, 2021

*Lucy H. Koh*

_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

20