UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BEST LABEL COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CUSTOM LABEL & DECAL, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 19-cv-03051-LHK   (VKD)<br><br>**ORDER RE DECEMBER 1, 2021 DISCOVERY DISPUTE RE PLAINTIFF'S DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 141 |

　　　　The parties ask the Court to resolve a discovery dispute concerning plaintiff The Best Label Company, LLC's ("BLC") preservation and production of documents from the LabelTraxx ERP system and email. Dkt. No. 141. The Court held oral argument on the matter on December 7, 2021. Dkt. No. 152. Having considered the parties' submission and arguments at the hearing, the Court denies defendants' request for relief, and orders further proceedings as stated below.

　　　　Defendants ask the Court to require BLC to produce "the responsive data and documents at issue (including the LabelTraxx data showing the alleged trade secrets 'stolen' by the individual Defendants in November 2018)" or find that BLC failed to comply with its obligations to preserve such information for litigation. Dkt. No. 141 at 5. Defendants do not identify any document requests as to which they believe the LabelTraxx data is responsive. Rather, they contend that a BLC corporate representative charged with testifying on Rule 30(b)(6) topic 7—"Best Label's alleged trade secrets, including, but not limited to, their compilation, economic value, maintenance of, and access to such alleged trade secrets and Best Label's rights in the trade secrets"— responded to defendants' questioning by referring to information maintained in BLC's LabelTraxx system. *Id.* at 1-2. Defendants contend that BLC did not timely produce trade secrets-related

information from the LabelTraxx system and failed to preserve this data source for litigation. *Id.* at 2. Defendants also say that BLC failed to preserve and produce responsive email. *Id.*

In response, BLC asserts that "the data [from LabelTraxx] has been produced," and that "[t]he information in LabelTraxx from November 2018 . . . continues to exist." *Id.* at 5, 6. BLC acknowledges, however, that it did not preserve a "snapshot" of daily, weekly, monthly, or yearly back-ups of the LabelTraxx system. *Id.* at 6. In addition, BLC represents that if defendants will identify the specific additional data they seek, BLC will confer with defendant and provide the information requested. *Id.* With regard to email, BLC says that defendants failed to confer about the alleged inadequacy of BLC's email production and have not indicated which custodians' email production is in dispute. *Id.* at 7.

The parties' dispute is presented at a very high level. While defendants contend that BLC failed to produce responsive documents from the LabelTraxx system, they identify no document requests that would have required such production. Further, while defendants appear to be dissatisfied with BLC's testimony regarding topic 7, they seek no relief with respect to BLC's compliance or lack thereof with the requirements of Rule 30(b)(6). Meanwhile, BLC states that it *has* timely produced documents from the LabelTraxx system that are responsive to defendants' document requests, although it does not identify the documents or the requests to which they respond. The parties' discussion of BLC's email production is even less informative.

In these circumstances, the Court is not persuaded that defendants are entitled to an order compelling BLC to produce documents from the LabelTraxx system or finding that BLC failed to preserve data from that system. Similarly, defendants have not shown that they are entitled to any relief with respect to BLC's emails. However, the Court will require BLC to identify the data and documents that it has already produced to defendants from the LabelTraxx system. BLC represented during the hearing that it could make this identification without undue burden. BLC shall identify these materials by **December 17, 2021**.

//
//
//

**IT IS SO ORDERED.**

Dated: December 7, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge